Matter of Joane H. v Felix P. (2018 NY Slip Op 02735)





Matter of Joane H. v Felix P.


2018 NY Slip Op 02735


Decided on April 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 19, 2018

Friedman, J.P., Richter, Andrias, Kapnick, Webber, JJ.


6314

[*1]In re Joane H., Petitioner-Respondent,
v
Felix P., Jr., Respondent-Appellant.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Neal D. Futerfas, White Plains, for respondent.
Karen P. Simmons, The Children's Law Center, Brooklyn (Janet Neustaetter of counsel), and Simpson Thacher & Barrlett LLP, New York (Michael S. Carnevale of counsel), attorney for the children.



Order, Family Court, Bronx County (Rosanna Mazzotta, Referee), entered on or about July 14, 2017, which, after a hearing, awarded sole legal and primary physical custody of the subject children to petitioner mother, unanimously affirmed, without costs.
The determination that it was in the children's best interests to be in the sole legal and primary physical custody of petitioner has a sound and substantial basis in the record, which reflects that the children are thriving in petitioner's stable home environment and that petitioner is better equipped than respondent to address their educational, emotional, and material needs (see Matter of David H. v Khalima H., 111 AD3d 544 [1st Dept 2013], lv dismissed 22 NY3d 1149 [2014]). While respondent contends that petitioner failed to inform him about the children's progress and schooling, it is apparent from his testimony that he did not take an active interest in the children's education. The record also shows that petitioner was more willing and likely than respondent to facilitate the noncustodial parent's relationship with the children (see Matter of Damien P.C. v Jennifer H.S., 57 AD3d 295 [1st Dept 2008], lv denied 12 NY3d 710 [2009]). The testimony about respondent's violent behavior is an additional factor in favor of granting custody to petitioner (see Matter of Kougne T. v Mamadou D., 133 AD3d 455 [1st Dept 2015]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 19, 2018
CLERK